# DAILY◉NEWS

NYDailyNews.com
4 New York Plaza, New York NY 10004

MATTHEW A. LEISH
Vice President & Assistant General Counsel
Phone: (212) 210-2144
Facsimile: (212) 643-7843
mleish@nydailynews.com

August 26, 2013

VIA FEDERAL EXPRESS

Hon. Richard J. Arcara
United States District Judge
Western District of New York
2 Niagara Square
Buffalo, New York 14202

Re: United States v. Galea, No. 1:10-cr-00307-RJA-HBS

Dear Judge Arcara:

    I write as counsel for the New York *Daily News* for the purpose of requesting that the Court unseal and release several documents that were filed under seal in this proceeding.[1]

    The first document in question is listed as document number 28 in the docket for this case and was filed on December 21, 2011. The only description provided in the docket is "sealed document as to Anthony Galea." Because of the lack of any information in the public record regarding the nature of the document in question, the *Daily News* is unable to describe the document in any detail. However, the *Daily News* has a good-faith basis to believe that the document relates, at least in part, to Alex Rodriguez, a star baseball player for the New York Yankees, and his connection with defendant Galea.

    The second document is an Affidavit of Assistant United States Attorney Paul J. Campana filed on or about November 28, 2011 in support of the government's motion for a downward departure of two defense levels. This Affidavit is not separately listed on the docket. However, the government's November 28, 2011 Notice of Motion and Motion, which appears as

---

[1] Courts in this Circuit routinely permit news organizations effectively to intervene in a criminal proceeding for the limited purpose of protecting the public's right of access. See, e.g., In re The Herald Co., 734 F.2d 93, 96 (2d Cir. 1984) (allowing an appeal after district court "in effect permitted The Herald Company to intervene in the pending criminal case"); Matter of New York Times Co. (Biaggi), 828 F.2d 110, 113 (2d Cir. 1987) ("the district court chose to treat the appellants as intervenors in the criminal proceeding"); see also United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995) (referring to newspaper seeking access as "non-party applicant").

document number 16 on the docket, states that the government's motion for a downward departure is based on the aforementioned Campana Affidavit which, according to the Notice of Motion, was "filed under seal." It is possible that this is the unidentified document listed as docket entry 28. If it is not the same document, the *Daily News* requests that the Campana Affidavit be unsealed and added to the docket as well.

Alex Rodriguez, the highest paid player in the history of baseball, is currently the subject of intense news coverage due to Major League Baseball's recent decision to hand him a suspension of unprecedented length over his alleged use of banned performance-enhancing drugs and his decision to fight the suspension. Major League Baseball has mentioned Dr. Galea in public statements regarding the Rodriguez suspension, and it also has been widely reported that Rodriguez testified before the grand jury in the Galea case. The case against Galea and the ensuing revelations regarding his reported connections to various high-profile athletes generated a great deal of press coverage at the time and sparked intense speculation as to whether or not he provided Human Growth Hormone or other substances to any of the athletes in question. In particular, there has been a great deal of speculation in the press and elsewhere over what Rodriguez told the Galea grand jury; whether Rodriguez's testimony conflicts with the evidence against him gathered by Major League Baseball; what role any testimony by, or evidence regarding, Rodriguez may have played in the resolution of the Galea case; and whether any testimony or documents were generated in the Galea case that might shed any light on the allegations against Rodriguez. Accordingly, the *Daily News* submits that the sealed documents here involve a matter of intense public interest, and are of particular interest to the *Daily News*, which has heavily covered the Rodriguez and Galea stories, and to the *Daily News'* readers.

The constitutional right to inspect court records in criminal cases is well-settled and long-established. As an initial matter, the United States Supreme Court has repeatedly held that, under the First Amendment, the press and public have a presumptive, constitutionally-protected, qualified right of access to criminal proceedings and records. This presumption of openness

> may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984) ("Press-Enterprise I"). Under this standard, the constitutional presumption in favor of access to court proceedings requires "the most compelling circumstances" to justify any restriction upon that right. In re Application of Nat'l B'casting Co., 635 F.2d 945, 952 (2d Cir. 1980). A court may order closure of a proceeding only if "specific, on-the-record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Press-Enterprise Co. v. Superior Ct., 478 U.S. 1, 114 (1986) ("Press Enterprise II"), quoting Press Enterprise I, 464 U.S. at 510.

The Second Circuit has adopted this standard and applied it to court records as well as court proceedings. See, e.g., Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91-96 (2d Cir. 2004) (noting that "[n]umerous federal and state courts have also extended the First Amendment

protection provided by *Richmond Newspapers* [448 U.S. 555] to particular types of judicial documents, determining that the First Amendment . . . secures the public's capacity to inspect such records") (collecting and analyzing cases); Matter of New York Times Co. (Biaggi), 828 F.2d 110, 114 (2d Cir.1987) (the "qualified First Amendment right of access extends to . . . written documents submitted in connection with judicial proceedings").

Separately, there is also a robust common law presumption of access by the public and the press to documents filed in connection with court proceedings under the standards set down by the Second Circuit in such cases Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), U. S. v. Amodeo, 71 F.3d 1044 (2d Cir. 1995), and U. S. v. Graham, 257 F.3d 143 (2d Cir. 2001). A document filed with a court that is "relevant to the performance of the judicial function and useful in the judicial process" is a "judicial document" to which a common law presumption of access attaches. Lugosch, 435 F.3d at 119. Documents submitted in connection with "the crucial judicial function of sentencing" fall within this category, regardless of whether or not the Court actually relied on the particular document in question in reaching its sentencing determination. United States v. Sattar, 471 F.Supp.2d 380, 385 (S.D.N.Y. 2006) (citing Lugosch).

Under Amodeo, supra, the competing factors to be balanced against the common law presumption of openness are (i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure. Id. at 1050. Here, there is no information in the record about the basis for sealing the document. However, it is difficult to imagine any law enforcement or judicial efficiency considerations that could weigh against or compete with the important public interest to be served by the disclosure sought. As for any possible privacy concerns, to the extent the documents concern Alex Rodriguez, any privacy interests are entitled to little weight given that (a) his association with Dr. Galea has been widely reported, (b) he has publicly addressed the issue and asserted that he never obtained banned substances from Dr. Galea, and (c) he is already in the midst of a highly public controversy over the nature and extent of his alleged use of performance enhancing drugs. If there are other persons named in the sealed documents who have asserted a substantial privacy interest, their interest is readily protectable through appropriate redactions of the documents.

As for the First Amendment right of access, there is no "overriding interest based on findings that closure is essential to preserve higher values" sufficient to overcome the presumption of access here. Press-Enterprise I, 464 U.S. at 510.

For the foregoing reasons, the *Daily News* respectfully requests that that this Court unseal the documents in question.

Respectfully submitted,

*[signature]*

Matthew A. Leish (ML 3224)

- 4 -

cc: Mark J. Mahoney, Esq.
Harrington and Mahoney
70 Niagara Street, Third Floor
Buffalo, NY 14202
*Attorney for Anthony Galea*
***Via email:*** *mmahoney@harringtonmahoney.com*

Paul J. Campana, Esq.
U.S. Attorney's Office
Federal Centre
138 Delaware Ave.
Buffalo, NY 14202
***Via email****: paul.j.campana@usdoj.gov*